The document below is hereby signed.

Signed: February 09, 2009.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GYWNNETH RICH, | ) | Case No. 08-00728 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
(1)DENYING REQUEST FOR RECONSIDERATION OF
ORDER DISMISSING CASE BUT (2) VACATING ORDER MAKING
DISMISSAL WITH PREJUDICE AND GIVING DEBTOR NEW OPPORTUNITY
<u>TO SHOW CAUSE WHY DISMISSAL OUGHT NOT BE WITH PREJUDICE</u>

The debtor has filed a Praecipe (Docket Entry ("DE") No. 40)

requesting reconsideration of the court's order (DE No. 31,

entered December 18, 2008) dismissing her bankruptcy case because

she failed to obtain prepetition credit counseling or demonstrate

that she qualifies for an exemption as required by 11 U.S.C.

§ 109(h).  The court will deny the request for reasons explained

below.

Section 109(h) provides that all individuals filing for

bankruptcy must obtain an individual or group briefing that

outlines the opportunities for available credit counseling and

assists the individual in performing a related budget analysis

from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).  Pursuant to section 109(h)(4), the prepetition credit counseling requirement does not apply to a debtor who the court determines, after notice and hearing, is unable to complete the counseling because of "incapacity, disability, or active military duty in a military combat zone."  "'Disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." 11 U.S.C. § 109(h)(4).

The debtor filed Exhibit D (DE No. 3, filed November 4, 2008) certifying that she is not required to comply with the credit counseling requirement because she has a qualifying disability as defined in 11 U.S.C. 109(h)(4).  Exhibit D clearly requires that a debtor submit a motion in support of her certification that a disability exempts her from the credit counseling requirement, but here the debtor failed to file such a motion along with her Exhibit D.  The court issued a deficiency notice to the debtor on November 4, 2008, instructing her to file such a motion by November 11, 2008, but again, she failed to do so.  Moreover, the debtor failed to oppose the chapter 13 trustee's motion to dismiss the debtor's case for failure to comply with the prepetition credit counseling requirement, thus

2

missing another opportunity to explain to the court why she
qualifies for disability exemption pursuant to section 109(h)(4).
In short, she never demonstrated to the court that she is
entitled to a disability exemption from the credit counseling
requirement under section 109(h)(4) despite having multiple
opportunities to do so.  The court therefore granted the
trustee's motion to dismiss the debtor's case for failure to
comply with section 109(h).

Although the debtor's Praecipe requests that the court set
her request for reconsideration for hearing, she has not
convinced the court that a hearing is necessary to address her
request.  Unfortunately, prepetition credit counseling is a
threshold requirement to filing a bankruptcy case, and the debtor
has failed to demonstrate that she has either satisfied the
requirement or qualifies for a disability exemption.

The debtor's Praecipe additionally expresses confusion at
having her application to pay the filing fee in installments
initially granted (DE No. 12, entered November 4, 2008) only to
later receive a show cause order from the court based on her
failure to pay the filing fee in full prior to or at the time of
dismissal (DE No. 34, entered December 23, 2008).  The show cause
order was entered in error.  The clerk should have issued an
order to show cause based on the debtor's failure to make the
installment payment due on December 13, 2008, and not based on

3

the debtor's failure to pay the filing fee in full prior to or at the time of dismissal of her case.  The order dismissing the case with prejudice (DE No. 37) as a result of the debtor's failure to respond to the show cause order was also entered in error.  Accordingly, the court will vacate both the show cause order (DE No. 34) and the order making the dismissal of the case with prejudice (DE No. 37).  The fact remains, however, that the debtor failed to make the filing fee installment payment due on December 13, 2008, as well as the payment due on January 13, 2009, and she should be made to show cause why dismissal of her case ought not be with prejudice for failure to timely pay installment payments on her filing fee.

It is thus

ORDERED that the debtor's Praecipe (DE No. 40) requesting that the court reconsider dismissal of her case is DENIED.  It is further

ORDERED that the order issued by the clerk's office to show cause why the dismissal of the debtor's case ought not be with prejudice for failure to pay the filing fee in full prior to or at the time of dismissal (DE No. 34) is VACATED.  It is further

ORDERED that the order issued by the clerk's office making the dismissal of the debtor's case with prejudice for failure to pay the filing fee in full is VACATED.  It is further

ORDERED that within 21 days after entry of this order the

4

debtor shall show cause why her case ought not be dismissed with prejudice for failure to timely pay her installment payments, such as by showing that she is making a good faith effort to complete the payment of the filing fee (for example, by making a partial payment of the filing fee and showing that in good faith she intends to complete paying the filing fee and stating the dates on which she will make additional payments in order to pay the filing fee in full by no later than 180 days of the date she filed her petition, that is, by May 3, 2009).

[Signed and dated above.]

Copies to: Debtor; Chapter 13 trustee.